Peter Moulinos, Esq.
MOULINOS & LEVINAS PLLC
150 East 58th Street – 25th Floor
New York, New York 10155
Tel: (212) 832-5981
Fax: (212) 832-5982

*Attorneys for Creditor 710 Park Avenue Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| MONIQUE ENDER-SILBERMAN, | : | Case No. 24-11973-pb |
| Debtor. | : | |

**MOTION OF 710 PARK AVENUE CORP., FOR ENTRY OF AN ORDER (I) PURSUANT TO 11 U.S.C. § 362(b)(22), DECLARING THE AUTOMATIC STAY INAPPLICABLE TO THE EXECUTION OF THE WARRANT OF EVICTION AGAINST THE DEBTOR OR, IN THE ALTERNATIVE, (II) PURSUANT TO 11 U.S.C. § 362(d)(2), GRANTING RELIEF FROM THE AUTOMATIC STAY TO CAUSE THE WARRANT OF EVICTION TO BE EXECUTED**

TO: THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

Creditor, 710 Park Avenue Corp., (the "Corporation"), by and through its undersigned counsel, moves for entry of an order, (i) pursuant to Section 362(b)(22) of Title 11 of the United States Code (the "Bankruptcy Code"), declaring the automatic stay inapplicable to the execution of the pre-petition warrant of eviction to remove Monique Ender-Silberman (the "Debtor") from the residential cooperative apartment formerly leased to Debtor's mother, Simone Ender (deceased), (the "Decedent"), located and known as Unit #4A at 710 Park Avenue, New York, New York 10021 (the "Premises") or, in the alternative, (ii)(A) pursuant to Section 362(d)(2) of the Bankruptcy Code, granting the Corporation relief from the automatic stay to cause the warrant of eviction to be executed to remove the Debtor from the Premises; and (B) waiving the

fourteen (14) day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Motion"). In support of the Motion, the Corporation submits the Declaration of Peter Moulinos, Esq. (the "Moulinos Declaration"), and the exhibits thereto, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157.

2. The statutory predicate for the relief sought herein is Section 362(b)(22) of the Bankruptcy Code or, in the alternative, Section 362(d)(2) of the Bankruptcy Code, as supplemented by Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. The Corporation is the owner of the real property and premises located at 710 Park Avenue, New York, New York (the "Building") which is a residential cooperative apartment building. A deed evidencing Petitioner's ownership of the Building is attached hereto as **Exhibit A**.

4. The Decedent was a proprietary lessee of the Premises at the Building pursuant to the terms of a Proprietary Lease issued by the Corporation to Decedent and her predeceased husband, Paul A. Ender (the "Proprietary Lease"). Decedent and Paul A. Ender (deceased) were the owners of 1,080 shares in the Corporation (the "Shares") as joint tenants with right of survivorship. It is undisputed that Paul A. Ender died on July 19, 2015 and that the Decedent, after Mr. Ender's passing, became the sole owner of the Shares and lessee under the Proprietary Lease.

5. Decedent resided in the Unit with the Debtor until Decedent's death on March 7, 2022. A copy of the death certificate of the Decedent is attached hereto as **Exhibit B**.

6. Prior to the death of Decedent, the Corporation commenced a summary proceeding against Decedent for non-payment of rent in the Landlord/Tenant Division of the Civil Court of the City of New York, County of New York (the "Summary Proceeding"). The Summary Proceeding also named the Debtor as a Respondent, who occupied and continues to occupy, the Premises. Copies of the Notice of Petition and Petition filed in the Summary Proceeding are attached hereto as **Exhibit C.**

7. On or about September 26, 2019, the Corporation was granted a judgment of possession (the "Ender Possessory Judgment") and warrant of eviction (the "Ender Warrant") against Decedent, which ordered the removal of Decedent from the Premises, as well as a monetary judgment against Decedent in the amount of $94,260.40 (the "Monetary Judgment"). Copies of the Ender Possessory Judgment and Ender Warrant are annexed hereto as **Exhibit D**.

8. On or about October 17, 2019, the Corporation was further granted a judgment of possession (the "Silberman Possessory Judgment") and warrant of eviction (the "Silberman Warrant") against Debtor, which ordered the removal of Debtor from the Premises. Copies of the Silberman Possessory Judgment and Silberman Warrant are annexed hereto as **Exhibit E**.

9. Decedent passed away prior to the execution of the Ender Warrant and the Silberman Warrant. The Covid-19 pandemic, and the governmental stays issued during the pandemic, delayed the Corporation in executing the Ender Warrant and the Silberman Warrant.

10. As indicated above, the Decedent passed away prior to the lifting of those governmental stays. After those governmental stays were lifted, the Corporation proceeded to execute the Silberman Warrant. However, there was no administrator appointed to administer the

estate of the Decedent thereby preventing the Corporation from executing the Ender Warrant.

11. In order to appoint an administrator for the Decedent's estate, the Corporation, on October 5, 2022, filed with the Surrogate's Court of the State of New York, Count of New York (the "Surrogate's Court") a Petition for Letters of Administration over the Estate of Simone Ender (the "Estate") to issue to Dahlia Damas, as Public Administrator of the County of New York (the "PA"). A copy of the Petition for Letters of Administration is attached hereto as **Exhibit F.**

12. The Debtor opposed the appointment of the PA as administrator of the Estate thereby resulting in further delay in the execution of the Ender Warrant and Silberman Warrant. All the while, from at least the passing of the Decedent and to the present, the Debtor has not paid any maintenance charges to the Corporation as a result of her continued use and occupancy of the Premises.

13. After lengthy proceedings and hearings before the Surrogate's Court, and by Order dated January 26, 2024, the Hon. Rita Mella issued Letters of Temporary Administration appointing the PA as administrator of the Estate. A copy of this Order is attached hereto as **Exhibit G.**

14. By further Decision and Order After Hearing dated April 22, 2024, the Hon. Rita Melia formally denied Debtor's application to be appointed executor of the Estate and further directed that the PA's appointment as temporary administrator of the Estate be continued until further Order of the Surrogate's Court. A copy of this Order is attached hereto as **Exhibit H**.

15. Currently, the PA is the only appointed administrator of the Estate and there are no applications pending with the Surrogate's Court seeking to revoke, rescind, modify or alter the PA's appointment.

16. After the PA was appointed administrator of the Estate, the Corporation amended the Ender Warrant so that it would issue against the PA. An amended judgment of Possession and Warrant of Eviction was issued against the PA on October 3, 2024 ("the PA Warrant"). A copy of the PA Warrant is attached hereto as **Exhibit I.**

17. With the issuance of the PA Warrant, the NYC Marshal issued a Notice of Eviction against the Debtor and the PA to vacate the Premises. Copies of the respective Notice of Eviction are attached as **Exhibit J.**

18. The eviction of the PA and the Debtor from the Premises was scheduled by the NYC Marshal for November 18, 2024. Notwithstanding the foregoing, and without any notice to the Corporation, the Debtor in utter bad faith, on November 14, 2024 ("the Petition Date"), commenced this Chapter 13 Bankruptcy Proceeding solely to thwart and delay her eviction from the Premises under the false guise that this proceeding stays execution of the Silberman Warrant.

19. As of the date hereof, the Debtor holds over and continues to reside in the Premises without the authority, consent or permission of the Corporation and without any possessory right or entitlement to do so.

## RELIEF REQUESTED

20. By this Motion, the Corporation seeks the entry of an order, pursuant to Section 362(b)(22) of the Bankruptcy Code, declaring the automatic stay inapplicable to the execution of the Silberman Warrant to remove the Debtor from the Premises because: (i) the Silberman Possessory Judgment awarding the Corporation possession of the Premises was entered, and the Silberman Warrant was issued, prior to the Petition Date; and (ii) the Debtor failed to comply with Section 362(l) of the Bankruptcy Code.

21. In the event that the Court determines that the automatic stay is applicable to the execution of the Silberman Warrant, the Corporation seeks the entry of an order, pursuant to Section 362(d)(2) of the Bankruptcy Code, granting it relief from the automatic stay because the Debtor has no equity or interest in the terminated Proprietary Lease of the Decedent or the Premises and they are not necessary to an effective reorganization. Due to the Debtor's failure to comply with Section 362(l)(5)(A) of the Bankruptcy Code, which failure has caused delay and prejudice to the Corporation, the Corporation requests that the Court waive the 14-day stay provided by Rule 4001(a)(3) of the Bankruptcy Rules in the event an order is entered herein granting the Corporation relief from the automatic stay.

## ARGUMENT

### I.

### THE AUTOMATIC STAY IS INAPPLICABLE TO THE EXECUTION OF THE SILBERMAN WARRANT PURSUANT TO § 362(b)(22)

22. As explained below, pursuant to Section 362(b)(22) of the Bankruptcy Code, the automatic stay does not act as a bar to the Corporation's efforts to evict the Debtor by causing the Silberman Warrant to be executed because (i) the Silberman Possessory Judgment was entered, and the Silberman Warrant was issued, prior to the Petition Date; and (ii) the Debtor failed to comply with Section 362(l) of the Bankruptcy Code.

23. Section 362(b)(22) of the Bankruptcy Code provides that, subject to Section 362(l), the automatic stay pursuant to Section 362(a)(3) does not operate as a stay against:

> the continuation of any eviction … proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease … and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

24. Section 362(l) of the Bankruptcy Code provides a limited exception to the immediate effect of Section 362(b)(22) – the debtor may postpone for thirty days the date on which Section 362(b)(22) becomes effective, and thereby obtain a brief stay of the eviction proceedings, by fulfilling certain requirements at the time of filing for bankruptcy. Specifically, Section 362(l)(1) provides:

> Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor … has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1).

25. "Subsection (l) also imposes an independent duty on bankruptcy debtors to disclose the existence of a pre-petition judgment of possession." *In re Plumeri*, 434 B.R. 315, 320 (S.D.N.Y. 2010). Section 362(l)(5)(A) provides that:

> Where a judgment for possession … has been obtained by the lessor, *the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor that obtained that pre-petition judgment on the petition and on any certification filed under this subsection.*

11 U.S.C. § 362(l)(5)(A) (emphasis added).[1]

---

[1] For cases filed in the United States Bankruptcy Court for the Eastern District of New York, Administrative Order No. 644 specifies that "a debtor shall be deemed to have complied with 11 U.S.C. § 362(l)(1) by:

1. Making the required certification by selecting the "Yes" box, listed in the voluntary petition under section 11 entitled, "Do you rent your residence?" and completing the

26. Thus, in order to avoid the immediate effect of Section 362(b)(22) and thereby stay eviction for 30 days, the Debtor must: (1) disclose the existence of a pre-petition judgment of possession on the bankruptcy petition (*see* 11 U.S.C. § 362(l)(5)(A); Administrative Order No. 644); (2) certify that circumstances exist under applicable nonbankruptcy law that would allow the debtor to cure the entire monetary default (*see* 11 U.S.C. § 362(l)(1)(A)); (3) file the completed *Initial Statement About an Eviction Judgment Against You* (Form 101A) with the bankruptcy petition (*see* 11 U.S.C. § 362(l)(1); Administrative Order No. 644); and (4) deposit with the clerk all rent that would become due to the landlord during the 30-day period following the bankruptcy filing (*see* 11 U.S.C. § 362(l)(1)(B); Administrative Order No. 644). *See also Plumeri*, 434 B.R. at 319-20 (outlining requirements to be fulfilled by debtor under Section 362(l) in order to postpone the effectiveness of Section 362(b)(22)); *In re Soto*, 500 B.R. 679, 681 (Bankr. S.D.N.Y. 2013) (same); *In re Harris*, 424 B.R. 44, 52 (Bankr. E.D.N.Y. 2010) (same).

27. Here, by operation of Section 362(b)(22) of the Bankruptcy Code, the filing of the Debtor's bankruptcy petition did not trigger the automatic stay under Section 362(a)(3) with respect to the Corporation's efforts to evict the Debtor from the Premises under the Silberman Possessory Judgment and the Silberman Warrant, which were obtained by the Corporation pre-petition.

28. Section 362(b)(22) was immediately effective in this case for at least two reasons.

---

*Initial Statement About an Eviction Judgment Against You* (Form 101A) and filing it with the bankruptcy petition, and

2. Delivering to the Clerk of Court ("Clerk"), together with the petition (or within one day of the filing, if the petition is filed electronically), a certified or cashier's check or money order, made payable to the lessor, in the amount of any rent that would become due during the 30-day period after the filing of the petition …

*In re Procedures for Payment and Cure of Pre-Petition Judgment of Possession Involving Residential Property*, Administrative Order No. 644 (Bankr. E.D.N.Y. Dec. 10, 2015) (amending Administrative Order 541) ("Administrative Order No. 644").

29. First, the Debtor failed to comply with Section 362(l)(5)(A) of the Bankruptcy Code – she intentionally and fraudulently did not disclose the existence of the Silberman Possessory Judgment and Silberman Warrant on her bankruptcy petition by selecting "Yes" in response to the questions, "Do you rent your residence?" and "Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?" (*see Docket No. 1*, p. 3, § 11). As the court in *Plumeri* noted:

> because the § 362(l) disclosure-and-certification process is the sole means contemplated by the Bankruptcy Code for forestalling the applicability of § 362(b)(22), it follows from the statutory structure outlined above that if *no* pre-petition judgment of possession is disclosed by the debtor at the time of filing for bankruptcy, § 362(b)(22) is immediately effective and no stay of eviction exists. As a result, if a debtor intends, by filing for bankruptcy, to forestall her eviction, she must disclose the existence of any pre-petition judgment of possession …

434 B.R. at 321 (emphasis in original). Accordingly, since the Debtor did not disclose the existence of the Silberman Possessory Judgment and Silberman Warrant at the time she filed her petition, the Corporation is not stayed from seeking to evict her from the Premises.

30. Second, the Debtor did not file with her petition the certification required by Section 362(l)(1) of the Bankruptcy Code. Section 362(l)(4)(A) states that Section 362(b)(22) applies "immediately" upon the failure of a debtor to file the certification, "and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A). "'[D]ebtors who wish to avoid the immediate applicability of § 362(b)(22) must file *with their petition* and serve upon their landlord the certifications pursuant to this Section." *Harris*, 424 B.R. at 53, quoting *In re Parker*, 2008 WL 2081536 * 1 (Bankr. D.D.C. May 8, 2008) (emphasis in original).

31. Accordingly, Section 362(b)(22) of the Bankruptcy was immediately applicable due to the Debtor's failure to file the certification required by Section 362(l)(1).

32. Even if the Debtor did file the certification, the Corporation's objection to the certification would have been upheld under Section 362(l)(3) because the Debtor could not "cure the *entire monetary default* that gave rise to the judgment for possession, after that judgment for possession was entered". 11 U.S.C. § 362(l)(1)(A) (emphasis added).

33. Regardless, the Silberman Possessory Judgment did not arise from a monetary default, but from the termination of the Proprietary Lease. "Section 362(l) of the Code does not prevent the operation of Section 362(b)(22) where the judgment of possession is based on a non-monetary default." *Soto*, 500 B.R. at 682 (collecting cases). In any event, because the Debtor defaulted by remaining in the Premises after the termination of the Lease and after the Corporation obtained the Silberman Possessory Judgment, even if Section 362(l) did apply to non-monetary defaults, the Debtor could only cure by vacating the Premises. *See id.*

34. Finally, "there is nothing in § 362 that purports to allow a debtor to amend or supplement his petition … after the petition date in an effort to somehow render § 362(b)(22) retroactively inapplicable." *Parker*, 2008 WL 2081536, at *2; *see also In re Siddon*, 2008 WL 4279587, * 2 (Bankr. M.D.N.C. Sept. 16, 2008) ("Insofar as section 362(a)(3) is concerned, this court has no authority to grant relief that would, in effect, re-institute that provision and effectively overrule section 362(b)(22). Congress has spoken in sections 362(b)(22) and 362(l) with respect to whether section 362(a)(3) should remain in effect under the facts presented in this case and this court must follow the path charted by Congress.").

35. Accordingly, by operation of Section 362(b)(22) of the Bankruptcy Code, the automatic stay does not operate as a stay against the Corporation's efforts to recover possession of the Premises from the Debtor.

## II.

## IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE CORPORATION RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)

36. If the Court finds that the automatic stay is applicable to the execution of the Silberman Warrant, the Corporation is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

37. Under Section 362(d)(2) of the Bankruptcy Code, stay relief shall be granted if: "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization …" 11 U.S.C. § 362(d)(2). Both elements of Section 362(d)(2) must be satisfied in order for the court to grant relief from the automatic stay. *See In re Pegasus Agency, Inc.*, 101 F.3d 882, 886 (2d Cir. 1996).

38. As stated by one bankruptcy court, "[a] debtor can have no equity in an expired lease nor can it be considered necessary to an effective reorganization." *In re Owens*, 30 B.R. 399, 403 (Bankr. S.D.N.Y. 1983). The Supreme Court has held that property is only necessary to an effective reorganization where "the property is essential for an effective reorganization that is in prospect" and there is a "reasonable prospect for a successful rehabilitation within a reasonable time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988); *see also In re Winer*, 2008 WL 2074091 * 4 (Bankr. E.D.N.Y. May 13, 2008) ("As a matter of law, Chapter 7 of the Bankruptcy Code does not provide the Debtor with an opportunity to conduct a reorganization."); *In re Marcano*, 288 B.R. 324, 330 (Bankr. S.D.N.Y. 2003) ("The instant petitions seek relief under Chapter 7, and therefore it is axiomatic that the respective [leased] properties are not needed for an effective reorganization."); *B.N. Realty Assocs. V. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) ("Since a Chapter 7 petition

does not contemplate reorganization, the only issue in a Chapter 7 case under 362(d)(2) would be whether a tenant's lease gave him equity in the property.").

39. Here, both prongs under Section 362(d)(2) are satisfied. The Decedent's leasehold interest in the Premises was terminated, at the latest, upon the issuance of the Ender Warrant in the Summary Proceeding. *See Marcano*, 288 B.R. at 330 ("the usual rule under New York law is that the issuance of a warrant terminates the landlord/tenant relationship"). The Silberman Warrant was issued shortly thereafter. As such, the Debtor does not have any equity or possessory interest in the terminated Lease or the Premises. *Winer*, 2008 WL 2074091 at * 5 (since the lease expired pre-petition and a warrant of eviction was issued before the case was filed, the debtor does not have equity in the premises).

40. Further, since the Debtor filed her petition under Chapter 13 of the Bankruptcy Code, neither the terminated Lease nor the Premises is necessary to an effective reorganization. *See id.*

41. Accordingly, if the Court determines that the stay is applicable to the Corporation's efforts to evict the Debtor from the Premises, the Court must grant the Corporation relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

## **WAIVER OF STAY OF ORDER**

42. If the Court determines that the automatic stay is applicable to the execution of the Silberman Warrant, but grants the Corporation relief from the automatic stay pursuant to Section 362(d)(2), the Corporation respectfully requests a waiver of the fourteen (14) day stay under Bankruptcy Rule 4001(a)(3) of the effectiveness of such order.

43. Section 362(l)(5)(A) of the Bankruptcy Code unequivocally requires the Debtor to state in her petition when "a judgment for possession of residential property in which the debtor

resides as a tenant under a lease or rental agreement has been obtained by the lessor." 11 U.S.C. § 362(l)(5)(A). As set forth above, the effect of a pre-petition judgment of possession is to deprive a debtor of the benefit of the automatic stay. *See* § 362(b)(22). If the petition discloses the judgment of possession, and the debtor fails to comply with Section 362(l)(1), the clerk of the court "shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22)." 11 U.S.C. § 362(l)(4)(B). The landlord could then proceed with a state court-ordered eviction without delay or the necessity and expense of a motion to lift the stay or for an order confirming the absence of a stay.

44. Here, although the Debtor knew about the Silberman Possessory Judgment (and the Silberman Warrant) before she filed her Chapter 13 petition, she did not disclose this fact in her petition as required by Section 362(l)(5)(A). As a result, the Corporation was compelled to file the instant Motion, which not only delayed its efforts to evict the Debtor from the Premises, but also caused it to incur costs and expenses that it would not otherwise have incurred. Waiver of the 14-day stay of the order granting relief is appropriate in this case to prevent any further prejudice or delay to the Corporation.

## <u>NOTICE</u>

45. Notice of the Motion has been provided to (i) the Debtor, (ii) the Chapter 13 trustee; (iii) the Office of the United States Trustee; and (iv) all other parties requesting notice under Bankruptcy Rule 2002 in advance of the date of this Motion. The Corporation represents that no other or further notice is warranted and that the notice provided is sufficient.

## **CONCLUSION**

For the foregoing reasons, the Corporation respectfully requests the entry of an order: (I) pursuant to Section 362(b)(22) of the Bankruptcy Code, declaring the automatic stay inapplicable to the execution of the Silberman Warrant to remove the Debtor from the Premises or, in the alternative, (II)(A) pursuant to Section 362(d)(2) of the Bankruptcy Code, granting the Corporation from the automatic stay to cause the Silberman Warrant to be executed to remove the Debtor from the Premises; and (B) waiving the fourteen (14) day stay under Rule 4001(a)(3) of the Bankruptcy Rules.

Dated: New York, New York
November 25, 2024

MOULINOS & LEVINAS PLLC

By: Peter Moulinos, Esq.
150 East 58th Street – 25th Floor
New York, New York 10155
Tel: (212) 832-5981

*Attorneys for 710 Park Avenue Corp.*