The Law Firm of

**MOULINOS & LEVINAS**

Professional Limited Liability Company

150 East 58th Street, 25th Floor, New York, New York 10155
Tel 212.832.5981 • Fax 212.832.5982

www.moulinos.com

**BY ECF FILING**

January 7, 2025

Hon. Philip Bentley
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: In re Monique Ender Silberman
Chapter 13 Proceeding
Case No. 24-11973-pb

Honorable Sir:

We represent 710 Park Avenue Corp., ("the Cooperative") which is a creditor of Monique Ender Silberman ("the Debtor") in the above referenced Chapter 13 Proceeding. Our motion pursuant to Section 362(b)(22) of the Bankruptcy Code, to confirm that there is no automatic stay applicable to the warrant of eviction issued against the Debtor, is scheduled to be heard before you on January 10, 2025. We wish to oppose the Debtor's request for an adjournment of the hearing of our motion.

The Debtor has resided in an apartment at the Cooperative, specifically in unit #4A located at 710 Park Avenue, New York, New York ("the Unit") without any lease or legal right to possession of the Unit. In fact, she has not paid any rent or use and occupancy to the Cooperative for many years. A warrant for her eviction was issued in October 2019. Ms. Silberman has effectively manipulated the legal system to continue to remain in the Unit despite no right to do so. The reasons she presents to this Court as the basis for her adjournment hves been previously presented in both the Surrogates Court of the State of New York and the Civil Court of the City of New York, Housing Division, a multitude of times to delay proceedings in both those Courts.

We attach for you two Decisions and Orders from estate proceedings in the Surrogates Court of the State of New York which demonstrate the Debtor's tactics in delaying those proceedings and the ultimate determination by the Surrogate's Court finding that the Debtor "followed a delayed action in response to court directives" and showed a "disregard for the mandates of the court". In sum, the Debtor has a history of intentionally delaying proceedings and is repeating this pattern of conduct here by her request for an adjournment of the upcoming hearing before you.

Hon. Philip Bentley
United States Bankruptcy Court
Southern District of New York

Re: In re Monique Ender Silberman
Chapter 13 Proceeding
Case No. 24-11973-pb

Even if the Court grant's the Cooperative's motion, the Debtor will not be immediately evicted from the Unit without proper due process and the applicable laws governing evictions in the City of New York. We respectfully request that the Court deny the Debtor's motion to adjourn the hearing scheduled before you on January 10, 2025.

We thank you for your courtesy and remain available to answer any questions you may have.

Yours faithfully,

Peter Moulinos

Enc.