SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x
Administration Proceeding, Estate of

    SIMONE ENDER,

                Deceased.
-----------------------------------------------------------------------x
Probate Proceeding, Estate of

    SIMONE ENDER,

                Deceased.
-----------------------------------------------------------------------x

DECISION and ORDER AFTER HEARING
File No.: 2022-3699

File No.: 2022-3699/A/B

M E L L A, S.:

       Following an evidentiary hearing held on March 18, 2024, and closing arguments heard on April 16, 2024, the court denied Monique Ender Silberman's application to be appointed Preliminary Executor of the estate of her mother, Simone Ender, for the reasons explained below.

       Upon consideration of the documentary evidence and testimony presented during the hearing, the court concluded that Monique Ender Silberman lacks the requisite qualifications to serve as fiduciary of this estate. The proof before the court establishes that Ms. Ender Silberman's acts of improvidence and demonstrated want of understanding render her ineligible (SCPA 707[1][d]; *see Matter of Rad*, 162 Misc 2d 229, 231 [Sur Ct, NY County 1994] [party alleging ineligibility has the burden of proof]; *Matter of Rand*, 36 Misc 3d 1208[A][Sur Ct, Bronx County 2012]).

       Of particular significance is the fact that money judgments have been entered against Ms. Ender Silberman relating to her failure to appear in court or comply with court directives. Some of these judgments have been entered in the context of litigation involving properties that are assets of this estate. In addition, she admits to residing in an estate property since the death of the decedent

in March of 2022, without paying maintenance on the apartment or use and occupancy, to the detriment of the creditors of this estate (*Matter of Pepe*, NYLJ, Mar. 26, 2018, at 24 [Sur Ct, Bronx County]; *Matter of Mullen*, NYLJ, Dec. 27, 2012, at 18, col. 4 [Sur Ct, Bronx County] [Petitioner and his son were living rent-free in the decedent's houses and had a long, contumacious history with the other beneficiary]). She has done so while significant liens interposed against this estate by various creditors accrue interest.

Ms. Ender Silberman's own testimony at the hearing also demonstrates a want of understanding regarding her ability or willingness to protect and manage estate assets. The court noted the evasive nature of her answers to simple questions such as those related to her residence, her employment or the scope of her financial liabilities. Answers to these questions could have provided the court with information necessary to determine her qualifications. But instead of providing clear answers, Ms. Ender Silberman chose to be vague and evasive in her responses.

From this record, the court concluded that Ms. Ender Silberman lacks sufficient understanding of the duties of a fiduciary. As mentioned, decedent passed away in early March 2022, and it was not until April 2023 that Ms. Ender Silberman filed a petition to probate a testamentary instrument of decedent, and this filing appears to have been prompted by a creditor's filing of a petition seeking the appointment of the Public Administrator to serve as estate fiduciary. Ms. Ender Silberman has also demonstrated a pattern of delayed action in response to court directives in these proceedings that shows a disregard for the mandates of the court and raises serious questions about her fitness to serve as fiduciary.

Finally, the record demonstrates that Ms. Ender Silberman's conduct – in living in estate property without paying maintenance or use and occupancy, in expressing minimal understanding of the value of the estate property or other assets, in failing to present a plan for how she would

proceed to protect and manage this estate, and in her disregard for her own fiscal management (as shown through numerous outstanding tax liens entered against her and/or her spouse) – reveals a want of understanding that compels the court to conclude that she is ineligible to serve under SCPA 707. Accordingly, Ms. Ender Silberman's application for her appointment as Preliminary Executor was denied.

By Decision and Order dated January 26, 2024, the court appointed the New York County Public Administrator as Temporary Administrator of this estate. Such appointment is continued until further order of this court.

The clerk is directed to email this Decision and Order to all parties who have appeared in this proceeding.

Dated: April 22, 2024                    _____

S U R R O G A T E

Morris Fateha, Esq.  
morrisfateha@gmail.com

Michael Calcagni, Esq.  
mcalcagni@moritthock.com

Angelo Grasso, Esq.  
agrasso@gss-law.com

Peter Moulinos, Esq.  
peter@moulinos.com

Roxanna Brahimy, Esq.  
Roxanna.Brahimy@hklaw.com

Glenn Opell, Esq.  
gopell@sgopc.com